Jonathan Winters  SBN#213700
Law Office Jonathan Winters
2750 Bellflower Blvd., Suite 101
Long Beach, CA 90815
Phone: 562-497-0472
Fax: 562-497-0474

Attorney for Plaintiffs Solange Rutledge and Phillip Cooley

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION - WESTERN

| | |
|---|---|
| SOLANGE RUTLEDGE, PHILLIP COOLEY<br><br>Plaintiffs,<br><br>vs.<br><br>INVITATION HOMES; 2017-2-IH BORRROWER LP ET AL.; SOUTHERN CALIFORNIA EDISON COMPANY and Does 1 through 10<br><br>Defendants. | Case No.<br>Assigned to:<br>Courtroom:<br><br>**COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF AND MONETARY DAMAGES**<br><br>**DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiffs SOLANGE RUTLEDGE, and PHILLIP COOLEY and alleges as follows:

### PARTIES, JURISDICTION AND VENUE

1. At all times material Plaintiffs SOLANGE RUTLEDGE and PHILLIP COOLEY are and were individuals residing in Los Angeles County, California.

2. Defendant 2017-2 IH BORROWER LP is the landlord for the rental property and conducts business in Los Angeles County, California but has its corporate address registered at 1717 Main St., Ste, 2000 Dallas, TX 75201 and there is diversity of citizenship between the parties and the amount in controversy is above $75,000.00 in damages plaintiffs are seeking.

- 1 -

**COMPLAINT**

3. Defendant INVITATION HOMES is the property management company and conducts business in Los Angeles County, California with business address at 465 N. Halstead St., Suite 150, Pasadena, CA. 91107.

4. Defendant SOUTHERN CALIFORNIA EDISON COMPANY is an electric utility company that conducts business in Los Angeles County, California.

5. The real property, ie. rental property is located at 1221 E. Roosevelt Rod., Long Beach, County of Los Angeles, CA.

6. Plaintiffs are ignorant of the true names and capacities of defendants sued herein as DOES 1 through 10, inclusive, and therefore sue these defendants by such fictitious names. Plaintiffs will amend this complaint to alleged their true names and capacity when ascellained. Plaintiffs are informed and believes, and thereon allege, that each of such fictitiously named defendants are responsible in some manner for the occurrences alleged herein, and that Plaintiffs' damages herein alleged were legally caused by their conduct.

7. This Court has original subject matter jurisdiction over this action because Federal law is at issue, Sec. 361 of the Public Health Service Act (42 U.S.C. 264) and 42 CFR 70.2 Temporary Halt in Residential Evictions to Prevent The Further Spread of COVID-19.

## GENERAL ALLEGATIONS

8. Plaintiffs were lawful residential tenants at the aforementioned rental property. Defendants Invitation Homes and 2017-2IH Borrower LP made false representations to plaintiffs regarding what the rent and security deposit would be. During the tenancy, defendants attempted to overcharge plaintiffs rent, overcharge the security deposit and impose wrongful late fees. When plaintiffs disputed these wrongful charges, defendants took the law into their own hands and they caused plaintiffs electricity, power, access to utilities to be cut off during their tenancy and without a lawful court order to do so interfering with plaintiffs use and enjoyment of the

premises and otherwise causing a nuisance and with the intent to intimidate plaintiffs into paying them money. Defendants closed plaintiffs account with Southern California Edison without her permission or consent and changed the account. Defendants sought to make plaintiff pay them for access to her electricity which she disputed because she had made her payments directly to Southern California Edison. Plaintiffs perceived defendants acts to be an unlawful attempt at price gauging.

## SPECIFIC ALLEGATIONS

9. Prior to moving into 1221 E Roosevelt road. Plaintiffs were led to believe that the cost to move in was the first month's rent, in addition to one (1) month security deposit. The scheduled day to move in, plaintiffs were presented with a request/invoice to pay 2 months security deposit in addition to the rent. It was never discussed or brought up by their agent/rep prior to that day as to why it would be an additional months deposit. Plaintiffs had already been waiting since the first to move in (a total of 19 days after the 1st). Another requirement *prior* to move in, was to open an electricity account in plaintiffs' name and provide the management company proof (account no.) that it was opened. About a month no more than a month and a half, plaintiffs received a closing statement from Southern California Edison. Plaintiffs did not order their account to be closed and had no prior knowledge that it had been ordered closed because plaintiffs had just moved in. On or about September the management company would not accept the rent payment *without* the electricity and gas payments as well and said it would be considered not paid in full if both were not included and they would proceed with an unlawful detainer action, they did elect to not charge the late fee but went on to charge the $100.00 for starting the unlawful detainer process. They went on to file the unlawful detainer eviction action against plaintiffs. Plaintiffs who were in pro per, entered into a (stipulated Judgment) agreement which was to pay and stay, and plaintiffs were prepared to do it, but defendants Invitations

Homes and 2017 2-IH Borrower LP failed and refused to honor the agreement. In the interim the global pandemic took place.

10. Plaintiffs were Charged more than the market value for rent and on information and belief, allege defendants did this to get ahead of the new law that was to be put in place (in January 2020) to govern the percentage of rental increases moving forward) because the previous tenants were paying only $2,800.00 and had only been there a year at the end of their lease. As a result they passed on the increase of 21% which was $3,375.00 that in and of itself was a show of gouging and unfair housing practices.

11. Plaintiffs had been in the property less than 6 months facing unlawful detainer action after paying all this money to move in. Plaintiffs were charged a double deposit right at the time to sign the lease, no prior warning or notice for no **known** or **apparent** reason and could not get a reasonable explanation. After requiring plaintiffs to show proof that plaintiffs opened an account, plaintiffs had their Southern California Edison Electricity account closed without their permission or knowledge. They were Never given the option of paying the gas even though it was in their lease agreement to pay for it. Subsequently, defendant Invitation Homes added the charges of plaintiffs electricity and gas to the payment of the rent; which was not a part of plaintiffs lease agreement and told it had to be paid with the rent; if utilities were unpaid (not included with rent) they would go through the process of filing the unlawful detainer.

12. Plaintiffs have sustained damages as result of defendants malicious conduct and now an unlawful detainer on plaintiffs record for no reason affecting their ability to move forward. All the while, plaintiffs having to suffer financial hardship, the global pandemic and plaintiff Rutledge suffering a stroke and being hospitalized. The initial intent from all indications of the defendants plaintiffs allege on information and belief was to gouge and deal in unfair housing practices. Plaintiffs allege defendants Invitation Homes and 2017 2-IH Borrower LP maliciously

broke the lease agreement and attempted to take advantage of them during a period of crisis.

13. On Oct. 10, 2019 defendant Invitation Homes served a 3 day notice to pay rent or quit on plaintiffs demanding payment of rent due of $3,375.00 which also sought payment of claimed late fees and sought to impose a utility bill on plaintiffs. Attached hereto as Exh. A is a copy of the notices served on plaintiffs. Attached hereto as Exh. B is a copy of the rental agreement between plaintiffs and 2017 21H Borrower LP.

14. On Oct. 25, 2019 defendant 2017- 21H Borrower LP filed an unlawful detainer eviction action against plaintiffs predicted on the non-payment of rent.

15. On Dec. 16, 2019, Defendants Invitation Homes and 2017-IH-Borrower LP entered into a stipulated judgment in the eviction case wherein she agreed to pay the landlord the sum of $15,976.61 and if she failed to pay, to vacate by 1/15/20. See Attached Declaration of Defendant Invitation Homes person most knowledgeable regarding this, Nicole McHorney. Attached hereto as Exh. C. Attached hereto as Exh. D is a copy of the stipulated judgment.

16. Since plaintiffs signed the stipulated judgment, unforeseen and unanticipated events have occurred, that could not have otherwise have been foreseen or anticipated which would have effected the parties decision to enter into the agreement. Specifically, the global pandemic of Covid 19 and its effects on plaintiffs and their ability to find adequate housing due to financial and medical hardship.

17. Plaintiffs suffer financial hardship and were not able to retain counsel and instead represented themselves in pro per.

18. On Jan. 26, 2020, the first case of Covid was confirmed in the State of California. A <u>state of emergency</u> has been in place in the state since March 4, 2020. A mandatory statewide <u>stay-at-home order</u> was issued on March 19.

19. On Jan. 30, 2020, plaintiff filed a civil state lawsuit against defendants Invitation Homes and

2017 2-IH Borrower LLP, at the Long Beach Courthouse case #20LBCV00072. The Superior Court of California, County of Los Angeles granted plaintiff Rutledge's in pro per fee waiver form recognizing her financial hardship.

20. On Feb. 3, 2020, the Superior Court of California, County of Los Angeles granted plaintiffs application for a temporary restraining order to enjoin any eviction lockout pending hearing on a motion for preliminary injunction. Plaintiffs were ordered to post a $500 bond.

21. On Feb. 24, 2020, the Superior Court of California, County of Los Angeles heard a motion for preliminary injunction in plaintiffs' civil case #20LBCV00072 and denied it.

22. On March 13, 2020, President Trump declared a national state of emergency due to the Covid Global Pandemic.

23. On July 5, 2020, plaintiff Rutledge was hospitalized, having suffered a stroke and with medical condition/hardship. Attached hereto as Exh E is a copy of her medical doctor's declaration and medical records.

24. On August 11, 2020 the Superior Court of California, County of Los Angeles in plaintiffs civil case #20LBCV00072 granted defendants Invitation Homes and 2017 -2IH Borrower LP's motion to strike her complaint and dismissed plaintiffs action entirely. The only causes of action that were at issue and pied in the complaint was 1) Violation of Civil Code §1946.2, as added by AB 1482, 2) Violation of Long Beach City Urgency Ordinance; 3) Violation of Business and Professions Code §17200, et seq. with respect to Civil Code §1946.2, and 4) Violation of Business and Professions Code §17200, et seq. with respect to Long Beach City Urgency Ordinance.

25. On Sept. 1, 2020, President Trump signed an executive order giving the CDC broad authority to temporarily halt evictions to prevent the spread of COVID-19 and to provide assistance to owners and tenants, specifically to protect people from evictions. Attached hereto as Exh. F

**COMPLAINT**

1. is a copy of that law.

26. Plaintiff complied and signed the required declaration and provided it to defendants through their counsel. Attached hereto as Exh. G is plaintiffs signed declaration requesting protection under federal law.

27. On Sept. 2, 2020, plaintiffs filed an ex parte application at the Long Beach Court, in their state civil case, case #20LBCV00072, pursuant to CCP 473 for relief and/or pursuant to court's inherent equitable powers to grant relief from the Court's order granting Invitation Homes and 2017 2-IH Borrower LP's anti-slapp motion dismissing plaintiffs civil case on account that Mrs. Rutledge had suffered a stroke and was unable to timely file an opposition paper. The hearing is currently scheduled for Oct. 20, 2019 and a motion for new trial is scheduled for Oct. 29, 2019.

28. The Superior Court served notice of entry of judgment/dismissal on plaintiffs civil state case#20LBCV00072.

29. As of September 4, 2020, the California Department of Public Health (CDPH) has reported 722,283 confirmed cases and 13,490 deaths in the state.[1]

**FIRST CAUSE OF ACTION**
**Violation of Sec. 361 of the Public Health Service Act (42 U.S.C. 264) and 42 CFR 70.2**
**Temporary Halt in Residential Evictions to Prevent Further Spread of Covid-19.**
**(Against All Defendants)**

30. PLAINTIFFs repeat and incorporate by reference the allegations in paragraphs 1-29 as if set forth fully herein.

31. Plaintiffs are "Covered persons" under the federal law because they are tenants, lessees or residents of a residential property and they have provided their landlord through his agent, his attorney the required declaration form (Exh. G, hereto). The federal law order is effective Sept.

---

[1] Coronavirus Disease 2019 (COVID-19) Archived March 5, 2020[Date mismatch], at the Wayback Machine. California Department of Public Health

-7-
**COMPLAINT**

4, 2020 through December 31, 2020. Defendants having been put on written notice with the required declaration form have continued to pursue eviction or possessory action to evict plaintiffs from the residential property which is a property within the jurisdiction to which the order applies during the effective period of the order. Plaintiffs have used their "best efforts" to obtain any and all forms of government rental assistance. Plaintiffs are suffered financial and medical hardships and understand and are willing to make their best efforts to make timely partial payments that are as close to the full amount due as "circumstances may permit," taking into account other nondiscretionary expenses. Eviction would "likely" lead to either homelessness or their having to move to a place that is more expensive or where they could get sick from being close to others or infect others.

**SECOND CAUSE OF ACTION**
**Violation of Federal Cares Act**
**(Against All Defendants)**

32. PLAINTIFFs repeat and incorporate by reference the allegations in paragraphs 1-31 as if set forth fully herein.

33. Plaintiffs on information and belief allege defendants Invitation Homes and 2017 2-IHB Borrower LLP received federally backed mortgages and were subject to the Federal Cares Act moratorium on evictions. This moratorium went into effect immediately upon the enactment of the CARES Act on March 27, 2020 and lasts for 120 days (through July 24, 2020).

34. Defendants violated this law by pursuing eviction or possessory action against plaintiffs within the federal moratorium time period. Attached hereto as Exh. H is a copy of this federal law.

**THIRD CAUSE OF ACTION**
**INJUNCTIVE RELIEF**
**(Against all Defendants)**

35. PLAINTIFF repeats and incorporates by reference the allegations in paragraphs 1-34 as if

**COMPLAINT**

set forth fully herein.

36. Plaintiffs will suffer irreparable harm and substantial prejudice if evicted and locked out of their home during the global pandemic because they have financial and medical hardship. They may be caused to be either homeless and/or infect others or infect themselves.

37. Plaintiffs pray for relief in the form of a temporary injunction to stop any eviction or lockout Proceedings.

**FOURTH CAUSE OF ACTION**
**(FRAUD-INTENTIONAL MISREPRESENTION AS AGAINST DEFENDANTS INVITATION HOMES, 2017-2 IH BORROWER LP AND DOES 1 TO 10}**

38.   PLAINTIFFs repeats and incorporates by reference the allegations in paragraphs 1-37 as if set forth fully herein.

39.   Defendants represented to plaintiffs prior to renting the residential tenancy that they would have to pay a certain amount of fixed rent and a single security deposit in exchange for being provided with the residential tenancy.

40.   Defendants representations turned out to be false because after plaintiffs agreed to rent the premises defendants later charged them more rent than was otherwise represented and sought double the security deposit amount in opposite of what was initially represented would be due.

41.   Defendants knew their initial representations were false when they made it or made it recklessly without regard to its truth.

42.   Defendants intended that plaintiffs rely on their representations and go forward with the rental agreement.

43.   Plaintiffs reasonably relied upon defendants representations believing them to be true.

44.   Plaintiffs were harmed in being caused to have to pay monies in excess of what was originally represented to them would be due.

45.   Plaintiffs reliance on defendants representations was a substantial factor in causing them to

incur pecuniary loss.

## FIFTH CAUSE OF ACTION
### (FRAUD-FALSE PROMISE AS AGAINST DEFENDANT INVITATION HOMES, 2017-2 IH BORROWER LP AND DOES 1 TO 10}

46. PLAINTIFFs repeats and incorporates by reference the allegations in paragraphs 1-45 as if set forth fully herein.

47. Defendants made promises to plaintiffs regarding the amount of rent and security deposit that plaintiffs would be responsible for and also that plaintiffs would be entitled to receive a habitable premises which included functional access to electricity, power and utilities.

48. Defendants did not intend to perform these promises when they made them.

49. Defendants intended plaintiffs rely upon these promises.

50. Plaintiffs reasonably relied upon defendants promises that they would have to pay a certain amount of rent and only 1 security deposit and that they would be entitled to have access to electricity and power and utilities as part of their tenancy.

51. Defendants did not perform or honor their promises after plaintiff went forward to rent the premises. Instead defendants sought to impose double the security deposit and they also cut off plaintiffs electricity, power, access to utilities during their tenancy and without a lawful court order to do so.

52. Plaintiffs were harmed and plaintiffs' reliance upon defendants' initial promises prior to entering into the tenancy was a substantial factor in causing plaintiffs harm. Had plaintiffs known what defendants were going to do they never would have went forward to rent the premises.

## SIXTH CAUSE OF ACTION
### (FRAUD-NEGLIGENT MISREPRESENTATION AGAINST DEFENDANT INVITATION HOMES, 2017-2 IH BORROWER LP AND DOES 1 TO 10}

53. PLAINTIFFs repeats and incorporates by reference the allegations in paragraphs 1-52 as if set forth fully herein.

- 10 -
**COMPLAINT**

54. Defendants represented that a fact(s) was true.

55. Defendants representations were not true.

56. Although defendants may have honestly believed that the representation was true, defendants had no reasonable ground to believe the representations to be true when they made them.

57. Defendants intended plaintiffs rely upon the representations

58. Plaintiffs reasonably relied upon defendants representations.

59. Plaintiffs were harmed

60. Plaintiffs reliance upon defendants representations was a substantial factor in causing them harm.

### SEVENTH CAUSE OF ACTION
### (BREACH OF IMPLIED WARRANTY OF HABITABILITY AGAINST DEFENDANT INVITATION HOMES, 2017-2 IH BORROWER LP AND DOES 1 TO 10)

61. PLAINTIFFs repeats and incorporates by reference the allegations in paragraphs 1-60 as if set forth fully herein.

62. Defendants violated Cal. Civil Code 789.3, 1941, 1941.1, California Health and Safety Code 17920.03 by denying plaintiff access to electricity, utilities, power and/or other basic tenant accommodations as legally required by law, resulting in harm to plaintiff. Defendant also violated CC 1940.9.

### EIGHTH CAUSE OF ACTION
### (BREACH OF IMPLIED COVENANT OF QUIET ENJOYMENT AGAINST DEFENDANT INVITATION HOMES, 2017-2 IH BORROWER LP AND DOES 1 TO 10)

63. PLAINTIFF repeats and incorporates by reference the allegations in paragraphs 1-62 as if set forth fully herein.

64. Defendants conduct interfered with plaintiffs use and enjoyment of the premises resulting in harm being suffered.

**COMPLAINT**

**NINTH CAUSE OF ACTION**
**(NUISUANCE AGAINST DEFENDANTS INVITATION HOMES, 2017-2 IH BORROWER LP AND SOUTHERN CALIFORNIA EDISON COMPANY AND DOES 1 TO 10)**

65. PLAINTIFF repeats and incorporates by reference the allegations in paragraphs 1-64 as if set forth fully herein.

66. Defendants conduct violated Civil Code 3479 in that it created a disturbance and/or annoyance interfering with plaintiffs peaceful use of the premises by denying plaintiff electricity, power, utilities. This created a nuisance to plaintiff and was offensive and interfered with the tenancy. Plaintiff never gave any permission or consent for defendant Southern California Edison to close her account she had with them for utilities, electricity and power by doing what defendant Invitation Homes, 2017-2 IH Borrower LP had requested. Neither defendant had any right to cut off her utilities because plaintiff had fully paid for the use of said services and neither defendant had any lawful right to cancel plaintiffs access to basic utilities. Defendant Invitation Homes wanted plaintiff out of the property and on information and belief; plaintiff alleges this defendant acted to force plaintiff to have to leave against her will and during or proximate in time to the Covid Crisis. Public Utilities Code 777, 777.1, 10009, 10009.1 establishes the statutory rights and remedies plaintiff is entitled to. In this case, defendant Invitation Homes sought to extract illegal fraudulent over payments for rent from plaintiff and coerce the payment of said money through the cancellation of her electricity and utilities services. Defendant Southern California Edison is liable for wrongful termination without complying with requirements set forth by Pub. Util. Code 777.1 and 10009.1 and CC 789.3 other statutory and case law.

## TENTH CAUSE OF ACTION
### (UNRUH CIVIL RIGHTS ACT Cal. Civ. Code§§ 51, 51.5, and 52] AGAINST DEFENDANTS INVITATION HOMES, 2017-2 IH BORROWER LP AND SOUTHERN CALIFORNIA EDISON COMPANY AND DOES 1 TO 10)

67. PLAINTIFF repeats and incorporates by reference the allegations in paragraphs 1-66 as if set forth fully herein.

68. Section 51 of the California Civil Code (the "Unruh Act") provides that all persons in California are free and equal no matter their sex, race, color, religion, ancestry, national origin, disability or medical condition, and are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever. Defendants acts in denying plaintiff reasonable accommodations electricity, power, utilities denied plaintiff equal access to housing accommodations and a substantial motivating reason for defendants acts, plaintiff alleges on information and belief pending further investigation was on account of plaintiffs race, ethnicity of being African American and defendant Invitation Homes, 2017 IH Borrower LLP's conduct in overcharging plaintiff on the security deposit and engaging in other wrongful unlawful conduct as pled in this complaint was motivated on account of plaintiffs race because they treated plaintiff differently.

69. Plaintiff was harmed as result and defendants conduct was a substantial factor in causing that harm.

## ELEVENTH CAUSE OF ACTION
### (CALIFORNIA FAIR EMPLOYMENT AND HOUSING ACT AGAINST DEFENDANTS INVITATION HOMES, 2017-2 IH BORROWER LP AND SOUTHERN CALIFORNIA EDISON COMPANY AND DOES 1 TO 10)

70. PLAINTIFF repeats and incorporates by reference the allegations in paragraphs 1-69 as if set forth fully herein.

71. Plaintiff has the right to have access to reasonable housing accommodations and not be

discriminated against through the denial of basic utility services on account of her race or retaliated against merely for protesting what she disputed was a fraudulent overcharge for rent and fraudulent overcharge for security deposit.

72. Plaintiff was harmed as result and defendants conduct was a substantial factor in causing that harm.

### TWELFTH CAUSE OF ACTION
### (NEGLIGENCE AGAINST DEFENDANTS INVITATION HOMES, 2017-2 IH BORROWER LP AND SOUTHERN CALIFORNIA EDISON COMPANY AND DOES 1 TO 10)

73. PLAINTIFF repeats and incorporates by reference the allegations in paragraphs 1-72 as if set forth fully herein.

74. Defendants owed plaintiff a duty of care and they breached that duty of care directly and proximately causing plaintiff to suffer damage/harm.

### THIRTEENTH CAUSE OF ACTION
### (VIOLATION OF SECURITY DEPOSIT STATUTE CIVIL CODE 1950.5 AGAINST DEFENDANTS INVITATION HOMES, 2017-2 IH BORROWER LP AND DOES 1 TO 10)

75. PLAINTIFF repeats and incorporates by reference the allegations in paragraphs 1-74 as if set forth fully herein.

76. Defendants wrongful overcharging of the security deposit was in violation of Civil Code 1950.5

### FOURTEENTH CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA CIVIL CODE 789.3 AGAINST DEFENDANTS INVITATION HOMES, 2017-2 IH BORROWER LP AND DOES 1 TO 10)

77. PLAINTIFF repeats and incorporates by reference the allegations in paragraphs 1-72 as if set forth fully herein. California Civil Code 789.3 makes it illegal for the landlord to shut off the electricity to force a tenant out of the property. Defendants violated this law.

**FIFTEENTH CAUSE OF ACTION**
**(NEGLIGENCE PER SE AGAINST DEFENDANTS INVITATION HOMES, 2017-2 IH BORROWER LP AND DOES 1 TO 10)**

78. PLAINTIFF repeats and incorporates by reference the allegations in paragraphs 1-77 as if set forth fully herein. Plaintiffs as lawful tenants at the property, were members of the class the statutes as alleged to have been violated in this first amended complaint, were designed to protect. Defendants statutory violations have resulted in damage/harm to plaintiffs and defendants conduct was a substantial factor in causing the harm.

**SIXTEENTH CAUSE OF ACTION**
**(WRONGFUL USE OF CIVIL PROCEEDINGS AGAINST DEFENDANTS INVITATION HOMES, 2017-2 IH BORROWER LP AND DOES 1 TO 10)**

79. PLAINTIFF repeats and incorporates by reference the allegations in paragraphs 1-78 as if set forth fully herein.

80. Defendants were actively involved in bringing and/or continuing to bring an eviction action and/or seek to lock plaintiffs out of their tenancy despite knowing the COVID situation and State Wide Orders imposed by Governor Newsom and the County of Los Angeles prohibiting evictions from proceeding.

81. The action filed by defendants ended in plaintiffs favor through a stipulation wherein plaintiffs continue to be permitted to live and/or occupy the premises and maintain their tenancy.

82. No Reasonable person in defendants circumstances would have believed that there were reasonable grounds to bring the eviction action against plaintiffs in light of the COVID situation and moratorium on evictions having been in place for months and a matter of public knowledge through the internet, media and elsewhere.

83. Defendants acted for a purpose primarily other than succeeding on their claims, that is to harass, intimidate plaintiffs into moving out. They had prior to even initiating the eviction action, taken the law into their own hands and shut off plaintiffs power and access to electricity for the

**COMPLAINT**

purpose of harassing or forcing plaintiffs to move out.

84. Plaintiffs were harmed.

85. Defendants conduct was a substantial factor in causing plaintiffs harm.

### SEVENEENTH CAUSE OF ACTION
### (ABUSE OF PROCESS AGAINST DEFENDANTS INVITATION HOMES, 2017-2 IH BORROWER LP AND DOES 1 TO 10)

86. PLAINTIFF repeats and incorporates by reference the allegations in paragraphs 1-85 as if set forth fully herein.

87. Defendants cut of plaintiffs electricity and access to power without a lawful court order permitting them to do so and then wrongfully initiated and continued an eviction action against them in spite of the Covid Moratorium against eviction actions.

88. Defendants wrongfully used this legal procedure at a time when it was not designed or permitted to be used in contravention to statewide mandate.

89. Plaintiffs were harmed as result and defendants conduct was a substantial factor in causing that harm.

### EIGHTEENTH CAUSE OF ACTION
### (RETALIATORY EVICTION AGAINST DEFENDANTS INVITATION HOMES, 2017-2 IH BORROWER LP AND DOES 1 TO 10)

90. PLAINTIFF repeats and incorporates by reference the allegations in paragraphs 1-89 as if set forth fully herein.

91. Defendants filed an unlawful detainer complaint within 180 days of plaintiffs having exercised their constitutional right to complain about habitability issues specifically the electricity, power, utilities having been cut off by defendants in violation of plaintiffs rights. Defendants retaliatory eviction filing was also done within 180 days of plaintiff having protested the bogus overcharges by defendant regarding excess security deposit and unlawful payments being demanded.

- 16 -
**COMPLAINT**

92. Defendants conduct was a substantial factor in causing plaintiff harm.

### NINETEENTH CAUSE OF ACTION
### (WRONGFUL EVICTION AGAINST DEFENDANTS INVITATION HOMES, 2017-2 IH BORROWER LP AND DOES 1 TO 10)

93. PLAINTIFF repeats and incorporates by reference the allegations in paragraphs 1-92 as if set forth fully herein.

94. Defendants caused a wrongful eviction filing to be brought against plaintiff resulting in harm.

### TWENTIETH CAUSE OF ACTION
### ONTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST DEFENDANTS INVITATION HOMES, 2017-2 IH BORROWER LP AND SOUTHERN CALIFORNIA EDISON COMPANY AND DOES 1 TO 10)

95. PLAINTIFF repeats and incorporates by reference the allegations in paragraphs 1-95 as if set forth fully herein.

96. Defendants conduct was outrageous and intended to cause plaintiffs emotional distress and/or done in a manner with reckless disregard for the high probability that plaintiffs would suffer emotional distress knowing that plaintiffs were present when their conduct took place.

97. Plaintiffs suffered severe emotional distress and defendants conduct was a substantial factor in causing plaintiffs to suffer this harm.

### PRAYER FOR RELIEF

98. WHEREFORE, Plaintiffs pray for seeks the following relief against Defendants and each of them as follows: Compensatory damages, including general and special as provided by law, that plaintiff be entitled to any statutory penalties as proscribed by law, and any punitive damages as provided by law; that Plaintiff be awarded reasonable attorneys' fees pursuant to statute and/or contract, injunctive and/or declaratory relief as requested and that Plaintiff be awarded costs of suit; and, that the Court award such other and further relief as this Court deems just and proper.

Dated: Sep7. 2—, 2020.

Respectfully submitted,
LAW OFFICE JONATHAN WINTERS

_____
Jonathan Winters
Attorney for Plaintiffs

**COMPLAINT**